NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0012n.06

No. 15-1831

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jan 06, 2017
DEBORAH S. HUNT, Clerk

MARIO ELIZONDO,                                       )
                                                      )
    **Petitioner - Appellant**                          )
                                                      )
                                                      )   ON APPEAL FROM THE
**v.**                                                )   UNITED STATES DISTRICT
                                                      )   COURT FOR THE EASTERN
**CATHERINE BAUMAN, Warden,**                         )   DISTRICT OF MICHIGAN
                                                      )
    **Respondent - Appellee**                           )
                                                      )
                                                      )

**BEFORE:**    KEITH, BATCHELDER, and CLAY, Circuit Judges.

    **DAMON J. KEITH, Circuit Judge.**  Petitioner Mario Elizondo ("Petitioner") seeks review of the district court's denial of his petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Following a criminal jury trial in the State of Michigan, Petitioner was convicted of Criminal Sexual Conduct in the first and second degrees in violation of Mich. Comp. Laws §§ 750.520b, 750.520c. Petitioner timely filed this appeal, arguing that the state trial court judge pierced the veil of judicial impartiality in violation of his right to a fair trial under the Fifth and Fourteenth Amendments of the United States Constitution. Petitioner claims that his constitutional rights were violated when the trial judge took on the role of prosecutor by interrupting cross-examination on multiple occasions to question Petitioner regarding his testimony. The district court granted a Certificate of Appealability on this issue, and oral argument was held on October 19, 2016.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") outlines the appropriate standard of review for this case. AEDPA provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). After a thorough review of the record, the arguments presented by the parties, and the relevant case law, we conclude that the state court determination was not contrary to clearly established federal law. Although Petitioner cited to the Michigan Supreme Court case of *People v. Stevens*, 869 N.W.2d 233 (2015) to support the proposition that a trial judge's questioning of defense witnesses in front of a jury can show partiality and violate a defendant's right to a fair trial, *Stevens* has never been cited to or adopted by a federal court. It is well-established that, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Landrum v. Mitchell*, 625 F.3d 905, 913 (6th Cir. 2010). "[W]e do not consider on habeas review a state court's determination of state law." *Railey v. Webb*, 540 F.3d 393, 398 (6th Cir. 2008). Because no United States Supreme Court holding supports Petitioner's claim of judicial bias flowing from a judge's interrogation of a criminal defendant at trial, the state court proceeding did not result in a decision that was contrary to

2

clearly established federal law.[1]  *See Carey v. Musladin*, 549 U.S. 70, 77 (2006).  Accordingly,

we **AFFIRM** the district court's denial of Petitioner's habeas petition under 28 U.S.C. § 2254.

---

[1]  Since the Sixth Circuit cases cited by the concurrence were decided, the Supreme Court has made it abundantly clear that "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court'" when conducting a review under AEDPA. *Parker v. Matthews*, 132 S. Ct. 2148, 2155 (2012) (quoting AEDPA, 28 U.S.C. § 2254(d)); *see also Renico v. Lett*, 130 S. Ct. 1855, 1865–1866 (2010) (overturning the Sixth Circuit for failing to conform to AEDPA standard of review).

**CLAY, Circuit Judge, concurring.** I concur in the majority opinion's conclusion that we should affirm the district court's denial of Elizondo's habeas petition. I agree with my colleagues that Elizondo has failed to show that the state court's resolution of his judicial bias claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d). However, I write to clarify how my thinking diverges a bit from that of my colleagues.

Specifically, the majority states that "because no United States Supreme Court holding supports Petitioner's claim of judicial bias flowing from a judge's interrogation of a criminal defendant at trial, the state court proceeding did not result in a decision that was contrary to clearly established law." This language could be read to imply that no matter how egregious a judge's intervention into the trial proceedings, or disruptive of the trial proceedings, a defendant would not be able to make out a claim of judicial bias. Contrary to the aforesaid statement contained in the majority opinion, this Court previously interpreted the Supreme Court's decision in *Liteky v. United States,* 510 U.S. 540 (1994) to hold that a judge's repeated interruption and cross-examination of witnesses could amount to a cognizable claim of judicial bias when circumstances appear "so extreme as to display clear inability to render fair judgment." *Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006); *see also Alley v. Bell,* 307 F.3d 380, 386 (6th Cir. 2002) (looking to the Supreme Court's decision in *Liteky* for the standard for deciding judicial bias claims); *Allen v. Hawley*, 74 F. App'x 457, 460 (6th Cir. 2003) (Clay, J., dissenting).

Admittedly, claims of judicial bias present defendants with a difficult standard to meet. And the facts of this case indicate that Elizondo has failed to demonstrate that the trial judge's interventions amounted to a constitutional violation. However, in light of the Supreme Court's

holding in *Liteky v. United States*, *supra*, rather than assert that the state court proceedings failed to result in a decision that was contrary to clearly established law, I would simply emphasize that the trial court's application of clearly established law was not unreasonable, based on the particular facts of this case, and would affirm on that basis.